st 530

1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name _Escarcega_  _Raul_  _____
       (Last)      (First)      (Initial)

3  Prisoner Number _C-27412_

4  Institutional Address _P.O. BOX 689 CTF C, F 246_

5  _Soledad, CA. 93960_

6
   **UNITED STATES DISTRICT COURT
7  NORTHERN DISTRICT OF CALIFORNIA**

8  _Raul Escarcega_ _____
   (Enter the full name of plaintiff in this action.)

                                          CV 08    1203
9                vs.
                                          Case No. _____
10 _Ben Curry_ _____                   (To be provided by the clerk of court)   SI

11 _____                               **PETITION FOR A WRIT
                                          OF HABEAS CORPUS**
12 _____

13 _____

14 (Enter the full name of respondent(s) or jailor in this action)

15

16                 Read Comments Carefully Before Filling In

17 When and Where to File

18         You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23         If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS         - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

   (a)  Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

      SUPERIOR COURT OF CALIFORNIA  2/0 -
      COUNTY OF LOS ANGELES
      Court                          Location

   (b)  Case number, if known _____

   (c)  Date and terms of sentence __7 to Life__

   (d)  Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes _✓_   No ___

      Where?

      Name of Institution: __C.T.F.C.__

      Address: __P.O. BOX 689 C.T.F.C.F. 246, Soledad, CA.__

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

__7-Years to life for Kidnapping for Robbery__
_____
_____

PET. FOR WRIT OF HAB. CORPUS       - 2 -

1   3. Did you have any of the following?

2       Arraignment:               Yes XX    No ____

3       Preliminary Hearing:       Yes XX    No ____

4       Motion to Suppress:        Yes XX    No ____

5   4. How did you plead?

6       Guilty ____   Not Guilty XX   Nolo Contendere ____

7       Any other plea (specify) _____

8   5. If you went to trial, what kind of trial did you have?

9       Jury XX    Judge alone ____   Judge alone on a transcript ____

10  6. Did you testify at your trial?      Yes ____    No ____

11  7. Did you have an attorney at the following proceedings:

12      (a)  Arraignment              Yes XX    No ____

13      (b)  Preliminary hearing      Yes XX    No ____

14      (c)  Time of plea             Yes XX    No ____

15      (d)  Trial                    Yes XX    No ____

16      (e)  Sentencing               Yes XX    No ____

17      (f)  Appeal                   Yes XX    No ____

18      (g)  Other post-conviction proceeding    Yes ____    No XX

19  8. Did you appeal your conviction?     Yes XX    No ____

20      (a)  If you did, to what court(s) did you appeal?  *This petition only deals with a parole hearing conducted in an illegal fashion Thus*

21           Court of Appeal          Yes ____    No ____    *iformation has been ommitted*

22           Year: _____   Result: _____

23           Supreme Court of California    Yes ____    No ____

24           Year: _____   Result: _____

25           Any other court          Yes ____    No ____

26           Year: _____   Result: _____

27

28      (b)  If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS       - 3 -

|   |   |   |
|---|---|---|
| 1 | petition? | Yes N/A   No____ |
| 2 | (c) Was there an opinion? | Yes N/A   No____ |
| 3 | (d) Did you seek permission to file a late appeal under Rule 31(a)? | |
| 4 |   | Yes N/A   No____ |

5  If you did, give the name of the court and the result:

6  _____N/A_____

7  _____

8  9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9  this conviction in any court, state or federal?   Yes ____   No ____

*This petition deals only with a parole hearing conducted in an illegal fashion, Therefore this information has been omitted.*

10  [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition. You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15  U.S.C. §§ 2244(b).]

16  (a) If you sought relief in any proceeding other than an appeal, answer the following

17  questions for each proceeding. Attach extra paper if you need more space.

18  I.  Name of Court: __Superior Court of California, County of Los Angeles__

19  Type of Proceeding: __Habes Petition__

20  Grounds raised (Be brief but specific):

21  a. _1) The Board violated due process of Law when it failed to show petitioner "currently" poses an unreasonable risk of danger if released_

22  b. _Failed to show a nexus between the nature of the offense and petitioners potential for violence over 25 years after the offense, It was an abuse of discretion and violation of due process._

23  c. _____

24  d. _2) Failure for the board to set a release date based on the circumstances surrounding the commitment offense for the 7th time violate due process of law._

25  Result: __Denied__   Date of Result: __12-15-05__

26  II.  Name of Court: __California Court of Appeal, Second District__

27  Type of Proceeding: __Habeas Petition__

28  Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS         - 4 -

1        a. _____

2        b. _____

3        c. _____

4        d. _____

5       Result: __DENIED_____ Date of Result: _10-11-07_

6    III.  Name of Court: __California Supreme Court__

7       Type of Proceeding: __Petition for Review__

8       Grounds raised (Be brief but specific):

9        a. __Same grounds as stated in Question (a) I.a,__

10       b. __supra.__

11       c. _____

12       d. _____

13      Result: __Denied_____ Date of Result: _12-19-07_
                                       case (157402)

14   IV.  Name of Court: _____

15      Type of Proceeding: _____

16      Grounds raised (Be brief but specific):

17       a. _____

18       b. _____

19       c. _____

20       d. _____

21      Result: _____ Date of Result: _____

22   (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                             Yes _XX_   No____

24     Name and location of court: __In this same court, 06-36935I(PR)__

25 B. GROUNDS FOR RELIEF

26     State briefly every reason that you believe you are being confined unlawfully. Give facts to

27 support each claim. For example, what legal right or privilege were you denied? What happened?

28 Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS     - 5 -

1 | need more space. Answer the same questions for each claim.

2 | [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3 | petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4 | 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5 | Claim One: _Failure for the Board to set a release date based on the circumstances surrounding the commitment offense and conduct prior to imprisonment for the seven time violates due process of law L14th Amendment U.S. Constitution._

6 |

7 | Supporting Facts: _12-15-05 petitioner went to his seven parole hearing at which time the Board of Prison Hearing relied on the commitment offense and conduct prior to imprisonment to deny parole for the seven time_

8 | _stating that petitioner is "an unreasonable risk of danger to society or a threat to public safety if released from prison." (Parole transcript. at P. )_

9 | _The Board previously used the offense and conduct prior to imprisonment to deny parole at six prior hearings and again at his seven hearing which_

10 | _violates due process of law._

11 | Claim Two: _The Board violated due process when it failed to show petitioner currently poses an unreasonable risk of danger if released failed to show a nexus between the nature of the offense and petitioners potential_

12 | _for violence over 25 years after the offense, abused it's discretion mening petitioner poses a threat if paroled:_

13 | Supporting Facts:

14 | _On 12-15-05 petitioner went to his seven parole hearing at which time the Board denied a parole date for seven time stating petitioner is an_

15 | _unreasonable risk of danger to society or a threat to public safety if released from prison." (Parole Transcripts P. ). The Board did not present any_

16 | _credible evidence during the hearing that contains an indicia of reliability showing petitioner currently is an "unreasonable risk of danger" if released_

17 | _on parole to support the denial of parole for the seven, time violating_
Claim Three: _due process of law._

18 | 

19 | Supporting Facts:

20 |

21 |

22 |

23 | If any of these grounds was not previously presented to any other court, state briefly which

24 | grounds were not presented and why:

25 |

26 |

27 |

28 |

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1   List, by name and citation only, any cases that you think are close factually to yours so that they
2   are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3   of these cases:
4   MC Quillon V. Duncan, 306 F.3d 895 (9th cir. 2002) Hayward v. Marshall (9th cir) (2008)
5   WL 43716 B 1993 V. Terhune, 334 F.3d 910 (9th cir 2003) Irons V. Wards of California State
    Prison Solano 358 F.Supp. 2d, 936 (E.D. Cal. 2005) In re Ramirez, 94 Cal. App. 4th (2001)
6   In re Dannenberg, 102 Cal. App. 4th 95 (2002) In re Rosenkrantz, 80 Cal. App. 4th 426 (2000)
    In re Smith 114 Cal. App. 4th 343 (2003) In re Smith 109 Cal. App. 4th 489 (2003) In re Rosenkrantz
    29 Cal. 4th 616 (2002).
7   Do you have an attorney for this petition?            Yes____    No XX
8   If you do, give the name and address of your attorney:
9   _____

10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.
12
13  Executed on  2-21-08                    /s/ Paul Escarcega
14          Date                            Signature of Petitioner

20  (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS        - 7 -



Court of Appeal, Second Appellate District, Div. 3 - No. B202274
**S157402**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re RAUL ESCARCEGA on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

DEC 1 9 2007

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice

# EXHIBIT B

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

COURT OF APPEAL - SECOND DIST.
FILED
OCT 1 1 2007
JOSEPH A. LANE          Clerk
V. GRAY          Deputy Clerk

In re

RAUL ESCARCEGA,

on

Habeas Corpus.

B202274

(Los Angeles County
Super. Ct. No. A388628)
(Steven R. Van Sicklen)

ORDER

BY THE COURT:

The petition for writ of habeas corpus, filed September 21, 2007, has been read and considered and is denied. (*In re Dannenberg* (2005) 34 Cal.4th 1061, 1070-1071; *In re Rosenkrantz* (2002) 29 Cal.4th 616.)



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**DEPT 100**

| Date: | MAY 4, 2007 | | | |
|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004253
In re,
RAUL ESCARCEGA,
    Petitioner,
On Habeas Corpus

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

    The Court has read and considered petitioner's Writ of Habeas Corpus filed on September 14, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole (See Cal. Code Reg. Tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667 (hereafter *Rosenkrantz*).)

    Petitioner was received into custody on March 26, 1984 after being convicted of kidnapping for robbery. Petitioner received a term of life plus six years with a minimum eligible parole date of October 28, 1995. The commitment offense occurred on March 5, 1983. Petitioner armed with a firearm approached the driver's side of the victim's car, while one of his crime partners approached from the passenger side. The victim was ordered into the back seat and driven to another location. When the car stopped, the victim saw five men searching his trunk. Petitioner and his partners stole a jacket, work shoes, tools, cassettes and the victim's wallet before he was told to leave. At the time, petitioner was a member of a gang.

    The Board found petitioner unsuitable for parole after a parole consideration hearing held December 15, 2005. Petitioner was denied parole for one year. The Board concluded that petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety. The Board based its decision on several factors.

    The Court finds that there is some evidence to support the Board's finding that petitioner is unsuitable for parole based on his "previous record of violence." (Cal. Code Regs., tit. 15, §2402, subd. (c)(2).) Petitioner was a gang member with a lengthy criminal history prior to the commitment offense starting at the age of ten. He was committed to the Youth Authority for robbery in 1976. Three years later he was convicted for involuntary manslaughter after he and fellow gang member stomped, stabbed and shot a rival gang member to death. He was sentenced to four years in prison. In 1981, he pled guilty to assault with attempt to commit rape. This demonstrates that petitioner "on previous occasions inflicted or attempted to inflict serious injury on a victim." (*Id.*) The Board was concerned that he had failed to profit from society's previous attempts to correct his criminality through commitment to the Youth Authority, prison, county jail and parole (*Reporter's Transcript*, December 15, 2005, pp.65-66.) Although the Board commended petitioner on his gains in prison, they felt that the positive aspects of his behavior did not outweigh the factors of unsuitability (*Id* at 69.) There is some evidence to support this conclusion.

1

Minutes Entered
05-04-07
County Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | MAY 4, 2007 | | | |
|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004253
In re,
RAUL ESCARCEGA,
    Petitioner,
On Habeas Corpus

Counsel for Respondent:

Accordingly, the petition is denied.

The court order is signed and filed this date. The clerk is directed to send notice.

A true copy of this minute order is sent via U.S. Mail to the following parties:

Raul Escarcega
C-27412
California Training Facility
P.O. Box 689
Soledad, CA 93960

Department of Justice
Office of the Attorney General of the State of California
110 West A Street, Suite 1100
San Diego, CA 92101
Attn: Ms. Cynthia Lumely

THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS A FULL, TRUE, AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.

ATTEST _____ JUL 0 6 2007

JOHN A. CLARKE, Executive Officer/Clerk of the Superior Court of the State of California for the County of Los Angeles.
By _____, Deputy
JOSEPH M. PULIDO, S.C.C.
233219



2

Minutes Entered
05-04-07
County Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>(Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:            FAX NO.:<br>ATTORNEY FOR (Name):<br>**COURT**<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME:<br>PETITIONER/PLAINTIFF: RAUL ESCARCEGA<br>RESPONDENT/DEFENDANT: BEN CURRY | |
| **PROOF OF SERVICE BY MAIL** | CASE NUMBER: |

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: CLARENCE CLEVELAND C-33254
   P.O. BOX 689 CTF.C. F301
   Soledad, CA. 93960

3. I served a copy of the following documents (specify):
   [✓] Petition for Writ of Habeas Corpus     [ ] Federal Habeas Corpus

   OFFICE OF THE CLERK, U.S. DISTRICT COURT            ATTORNEY GENERAL
   NORTHERN DISTRICT OF CALIFORNIA                     OF CALIFORNIA
   450 GOLDEN GATE AVENUE,                             110 WEST A. STREET, SUITE 1100
   by enclosing them in an envelope AND  SAN FRANCISCO, CA. 94102,   SAN DIEGO, CA. 92101
   a. [✓] **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. [ ] **placing** the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelope was addressed and mailed as follows:
   a. Name of person served: _____     [ ] ~~STATE ATTORNEY GENERAL~~
   b. Address: _____                       ~~P. O. Box 944255~~
                                                            ~~Sacramento, CA 94244~~
   c. Date mailed:
   d. Place of mailing (city and state):

5. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2-21-08

CLARENCE CLEVELAND                         ▶ *Clarence Cleveland*
(TYPE OR PRINT NAME)                          (SIGNATURE OF PERSON COMPLETING THIS FORM)

**PROOF OF SERVICE BY MAIL**

1



RAUL ESCARCEGA C-27412
P.O.BOX 689 CTF C.F-246
Soledad, CA. 93960

Legal MAIL



RECEIVED
FEB 27 2008
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIF.
450 GOLDEN GATE Avenue.
SAN FRANCISCO, CA. 94102