Escarcega RAUL C-27412
P.O.BOX 689 C.T.F.C. F 246
Soledad, CA. 93960

FILED
MAR 2 6 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MAR. 16, 2008

Dear SIR OR MadaM

The clerk send me TWO cases NUMbers ON MY case ONE FOR The PeTiTiON FOR Habeas CORPUS, CV08 1203 SI, and ONE FOR The PRisoner's APPLICaTION TO PROCeeD IN FORMA PAUPERiS SI, (PR) CV08-1287, I aM Sending YOU The TWO Filing ON The PeTiTiON aNd The FORMA PAUPERiS.

RAUL ESCaRCega C-27412

DATE 16, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

FILED

MAR 1 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Dear Sir or Madam:

Your action has been filed as a civil case number 08-1287 SI.

It appears that you have not attached a complaint ~~or~~ petition to your other pleadings.

**If you do not submit a complaint or petition (using the above referenced case number) within THIRTY DAYS from the filing date stamped above, your action will be dismissed and the file closed.**

Sincerely,
RICHARD W. WIEKING, Clerk

By LS
Deputy Clerk

(IFP Application / letter / no complaint)
(blank ~~complaint form~~ / petition attached)

IFP / $5.00 PAYMENT

Rev. 10/07

ESCARCEGA

FILED 08 MAR -5 PM 1:51 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RAUL ESCARCEGA Plaintiff,

vs.

BEN CURRY Defendant.

CV 08 1287 CASE NO.

PRISONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS

SI

(PR)

I, RAUL ESCARCEGA, declare, under penalty of perjury that I am the plaintiff in the above entitled case and that the information I offer throughout this application is true and correct. I offer this application in support of my request to proceed without being required to prepay the full amount of fees, costs or give security. I state that because of my poverty I am unable to pay the costs of this action or give security, and that I believe that I am entitled to relief.

In support of this application, I provide the following information:

1. Are you presently employed? Yes ✓ No ___

If your answer is "yes," state both your gross and net salary or wages per month, and give the name and address of your employer:

Gross: 48 pre. Month Net: ______

Employer: C.D.C. soledad correctional. Training Facility.

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name Escarcega RAUL
(Last) (First) (Initial)

Prisoner Number C-27412

Institutional Address P.O. BOX 689 CTF.C, F 246
Soledad CA. 93960

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RAUL Escarcega
(Enter the full name of plaintiff in this action.)

vs.

BEN CURRY

(Enter the full name of respondent(s) or jailor in this action)

CV 08 1203 SI
Case No.
(To be provided by the clerk of court)

PETITION FOR A WRIT OF HABEAS CORPUS

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES 210 -
Court Location

(b) Case number, if known ______

(c) Date and terms of sentence 7 to Life

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes ✓ No ___

Where?

Name of Institution: C.T.F.C.

Address: P.O. BOX 689 C.T.F.C. F.296, Soledad, CA.

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

7-Years to Life For Kidnapping For Robbery

3. Did you have any of the following?

Arraignment: Yes XX No ____

Preliminary Hearing: Yes XX No ____

Motion to Suppress: Yes XX No ____

4. How did you plead?

Guilty ____ Not Guilty XX Nolo Contendere ____

Any other plea (specify) ____________________

5. If you went to trial, what kind of trial did you have?

Jury XX Judge alone____ Judge alone on a transcript ____

6. Did you testify at your trial? Yes ____ No ____

7. Did you have an attorney at the following proceedings:

(a) Arraignment Yes XX No ____

(b) Preliminary hearing Yes XX No ____

(c) Time of plea Yes XX No ____

(d) Trial Yes XX No ____

(e) Sentencing Yes XX No ____

(f) Appeal Yes XX No ____

(g) Other post-conviction proceeding Yes ____ No XX

8. Did you appeal your conviction? Yes XX No ____

(a) If you did, to what court(s) did you appeal? This petition only deals with A parole hearing conducted in an illegal Fashion Thus ifformation has been ommitted.

Court of Appeal Yes ____ No ____

Year: ________ Result: ____________________

Supreme Court of California Yes ____ No ____

Year: ________ Result: ____________________

Any other court Yes ____ No ____

Year: ________ Result: ____________________

(b) If you appealed, were the grounds the same as those that you are raising in this

petition? Yes N/A No____

(c) Was there an opinion? Yes N/A No____

(d) Did you seek permission to file a late appeal under Rule 31(a)?

Yes N/A No____

If you did, give the name of the court and the result:

N/A

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal? Yes____ No____ This petition deals only with a parole hearing conducted in an illegal fashion, therefore this information has been ommitted.

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court: Superior court of California, county of Los Angeles

Type of Proceeding: Habes Petition

Grounds raised (Be brief but specific):

a. 1) The Board violated due process of Law when it failed to show petitioner currently "poses an unreasonable risk of danger if released"

b. failed to show a nexus between the nature of the offense and petitioner's potential for violence over 25 years after the offense, It was an abuse of discretion and violation of due process.

c.

d. 2) Failure for the board to set a release date based on the circumstances surrounding the commitment offense for the 7th time violate due prcoss of law.

Result: Denied Date of Result: 12-15-05

II. Name of Court: California court of Appeal, second District

Type of Proceeding: Habeas Petition

Grounds raised (Be brief but specific):

a.

b.

c.

d.

Result: Denied Date of Result: 10-11-07

III. Name of Court: california supreme court

Type of Proceeding: Petition for Review

Grounds raised (Be brief but specific):

a. same grounds as stated in question (a) I.a.

b. supra.

c.

d.

Result: Denied Date of Result: 12-19-07 case (157402)

IV. Name of Court:

Type of Proceeding:

Grounds raised (Be brief but specific):

a.

b.

c.

d.

Result: Date of Result:

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes XX No____

Name and location of court: IN This same court. 06-369351(PR)

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

need more space. Answer the same questions for each claim.

[Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: Failure for the Board to set a release date based on the circumstances surrounding the commitment offense and conduct prior to imprisonment for the seven time violates due process of law 14th Amendment U.S. Constitution.

Supporting Facts: 12-15-05 petitioner went to his seven parole hearing at which time the Board of Prison Hearing relied on the commitment offense and conduct prior to imprisonment to deny parole for the seven time stating that petitioner is "an unreasonable risk of danger to society or a threat to public safety if released from prison." (Parole transcipt, at P. ) The Board previously used the offense and conduct prior to imprisonment to deny parole at six prior hearings and again at his seven hearing which violates due process of law.

Claim Two: The Board violated due process when it failed to show petitioner currently "poses an unreasonable risk of danger if released failed to show a nexus between the nature of the offense and petitioners potential for violence over 25 years after the offense, abused it's discretion mening petitioner poses a threat if paroled:

Supporting Facts: on 12-15-05 petitioner went to his seven parole hearing at which time the Board denied a parole date for seven time stating petitioner is an unreasonable risk of danger to society or a threat to public safety if released from prison," (Parole Transcripts P. ). The Board did not present any credible evidence during the hearing that contains an indicia of reliability showing petitioner currently is an "unreasonable risk of danger" if released on parole to support the denial of parole for the seven, time violating

Claim Three: due process of law.

Supporting Facts:

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

MC QUillon V. DUNCAN, 306 F.3d 895 (9th cir, 2002) Hayward v. Marshall (9th cir) (2008) WL 43716 Biggs V. Terhune, 334 F.3d. 910 (9th cir 2003) IRONS V. wards of california state prison solano 358 F. SUPP. 2d. 936 (E.D. CAL. 2005) In re Ramirez, 94 CAL. APP. 4th (2001) IN Re Dannenberg, 102 CA. APP. 4th. 95 (2002) IN Re Rosenkrantz, 80 CAL. APP. 4th 426 (2000) IN Re Smith 114 CA. APP. 4th 343 (2003) IN Re SMITH 109 CAL. APP. 4th. 489 (2003) IN Re Rosenkrantz 29 CAL. 4th. 616 (2002).

Do you have an attorney for this petition? Yes____ No XX

If you do, give the name and address of your attorney:

____________________________________________

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on 2-21-08 Raul Escarcega

Date Signature of Petitioner

(Rev. 6/02)

# EXHIBIT A

Court of Appeal, Second Appellate District, Div. 3 - No. B202274
**S157402**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re RAUL ESCARCEGA on Habeas Corpus

---

The petition for review is denied.

SUPREME COURT
FILED

DEC 19 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

# EXHIBIT B

EXHIBIT
C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT 100

| | | | | |
|---|---|---|---|---|
| Date: | MAY 4, 2007 | | | |
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004253
In re,
RAUL ESCARCEGA,
Petitioner,
On Habeas Corpus

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered petitioner's Writ of Habeas Corpus filed on September 14, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole (See Cal. Code Reg. Tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667 (hereafter *Rosenkrantz*).)

Petitioner was received into custody on March 26, 1984 after being convicted of kidnapping for robbery. Petitioner received a term of life plus six years with a minimum eligible parole date of October 28, 1995. The commitment offense occurred on March 5, 1983. Petitioner armed with a firearm approached the driver's side of the victim's car, while one of his crime partners approached from the passenger side. The victim was ordered into the back seat and driven to another location. When the car stopped, the victim saw five men searching his trunk. Petitioner and his partners stole a jacket, work shoes, tools, cassettes and the victim's wallet before he was told to leave. At the time, petitioner was a member of a gang.

The Board found petitioner unsuitable for parole after a parole consideration hearing held December 15, 2005. Petitioner was denied parole for one year. The Board concluded that petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety. The Board based its decision on several factors.

The Court finds that there is some evidence to support the Board's finding that petitioner is unsuitable for parole based on his "previous record of violence." (Cal. Code Regs., tit. 15, §2402, subd. (c)(2).) Petitioner was a gang member with a lengthy criminal history prior to the commitment offense starting at the age of ten. He was committed to the Youth Authority for robbery in 1976. Three years later he was convicted for involuntary manslaughter after he and fellow gang member stomped, stabbed and shot a rival gang member to death. He was sentenced to four years in prison. In 1981, he pled guilty to assault with attempt to commit rape. This demonstrates that petitioner "on previous occasions inflicted or attempted to inflict serious injury on a victim." (*Id.*) The Board was concerned that he had failed to profit from society's previous attempts to correct his criminality through commitment to the Youth Authority, prison, county jail and parole (*Reporter's Transcript*, December 15, 2005, pp.65-66.) Although the Board commended petitioner on his gains in prison, they felt that the positive aspects of his behavior did not outweigh the factors of unsuitability (*Id* at 69.) There is some evidence to support this conclusion.

Minutes Entered
05-04-07
County Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT 100

| | | | | |
|---|---|---|---|---|
| Date: | MAY 4, 2007 | | | |
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004253
In re,
RAUL ESCARCEGA,
Petitioner,
On Habeas Corpus

Counsel for Respondent:

Accordingly, the petition is denied.

The court order is signed and filed this date. The clerk is directed to send notice.

A true copy of this minute order is sent via U.S. Mail to the following parties:

Raul Escarcega
C-27412
California Training Facility
P.O. Box 689
Soledad, CA 93960

Department of Justice
Office of the Attorney General of the State of California
110 West A Street, Suite 1100
San Diego, CA 92101
Attn: Ms. Cynthia Lumely

THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS A FULL, TRUE, AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.

ATTEST JUL 0 6 2007

JOHN A. CLARKE, Executive Officer/Clerk of the Superior Court of the State of California for the County of Los Angeles.

By Joseph M. Pulido, Deputy
JOSEPH M. PULIDO, S.C.C.
233219

Minutes Entered
05-04-07
County Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO.: | |
| ATTORNEY FOR (Name): | |
| **COURT** STREET ADDRESS: MAILING ADDRESS: CITY AND ZIP CODE: BRANCH NAME: | |
| PETITIONER/PLAINTIFF: RAUL ESCARCEGA | |
| RESPONDENT/DEFENDANT: BEN CURRY | |
| **PROOF OF SERVICE BY MAIL** | CASE NUMBER: |

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: CLARENCE CLEVELAND C-33254 P.O. BOX 689 CTF C-F307 Soledad, CA. 93960

3. I served a copy of the following documents (specify):
[✓] Petition for Writ of Habeas Corpus [ ] Federal Habeas Corpus

OFFICE OF THE CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA 450 GOLDEN GATE AVENUE, SAN FRANCISCO, CA. 94102,

ATTORNEY GENERAL OF CALIFORNIA 110 WEST A. STREET, SUITE 1100 SAN DIEGO, CA. 92101

by enclosing them in an envelope AND

a. [✓] **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.

b. [ ] **placing** the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelope was addressed and mailed as follows:
   a. Name of person served: ____________________
   b. Address: ____________________
   c. Date mailed:
   d. Place of mailing (city and state):

[ ] ~~STATE ATTORNEY GENERAL P. O. Box 944255 Sacramento, CA 94244~~

5. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2-21-08

CLARENCE CLEVELAND
(TYPE OR PRINT NAME)

▶ Clarence Cleveland
(SIGNATURE OF PERSON COMPLETING THIS FORM)





RAUL ESCARCEGA C-27412
P.O BOX 689 C.T.F.C. F246L
Soledad, CA, 93960-0689

LEGAL MAIL

OFFICE OF THE CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA
94102