**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAUL ESCARCEGA,

      Petitioner,

  v.

BEN CURRY, warden,

      Respondent.
                                   /

No. C 08-1203 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Raul Escarcega, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition and amendment thereto are before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Escarcega reports in his petition that he was convicted on an unstated date in the Los Angeles County Superior Court of kidnapping for the purpose of robbery and was sentenced to 7 years to life in prison. His petition does not challenge his conviction but instead challenges a decision by the Board of Parole Hearings ("BPH") at a December 15, 2005 hearing that found him not suitable for parole.

Escarcega's petition indicates that he filed unsuccessful habeas petitions in state court before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Escarcega alleges that the BPH's decision at the December 15, 2005 hearing that he was unsuitable for parole violated his right to due process because it was not supported by some reliable evidence. Liberally construed, the allegations state a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (adopting some evidence standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)); Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003).

**CONCLUSION**

For the foregoing reasons,

1. The due process claim is cognizable and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **June 15, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2

1  4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **July 25, 2008**.

5. Petitioner's in forma pauperis application is GRANTED. (Docket # 2.)

6. Two cases were opened for petitioner because his in forma pauperis application and filing fee were mailed in one envelope and his petition was mailed in another envelope and the envelopes reached the courthouse on different days. By separate order the court will dismiss the higher-numbered case (C 08-1287). Petitioner must make all further filings in this case, i.e., Case No. C 08-1203 SI, and must write this case number on the first page of every document he files.

IT IS SO ORDERED.

DATED: April 1, 2008

                                            SUSAN ILLSTON
                                        United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAUL ESCARCEGA,

        Plaintiff,

v.

BEN CURRY et al,

        Defendant.

Case Number: CV08-01203 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul Escarcega C-27412
Corr Trainig Facility - Soledad
P.O. Box 689
Soledad, CA 93960

Dated: April 2, 2008

                                            Richard W. Wieking, Clerk
                                            By: Tracy Sutton, Deputy Clerk