1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5741
    Fax:  (415) 703-5843
8   Email:  Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent

10

11             IN THE UNITED STATES DISTRICT COURT

12         FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                 SAN FRANCISCO DIVISION

14

| **RAUL ESCARCEGA, C-27412,** | C08-01203 SI |
|---|---|
| Petitioner, | **RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN** *HAYWARD* |
| v. | |
| **BEN CURRY,** | |
| Respondent. | Judge:    The Honorable Susan Illston |

20                      **INTRODUCTION**

21       Petitioner filed a Petition for Writ of Habeas Corpus, contending that his due process rights

22  were violated by the Board of Parole Hearings' 2005 decision finding him unsuitable for parole.

23  The Court ordered a response to the Petition.  On May 16, 2008, the Ninth Circuit granted en

24  banc review in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, __

25  F.3d __, 2008 WL 2131400 (9th Cir. filed May 16, 2008) and set oral argument for June 24,

26  2008.  The en banc court in *Hayward* may decide whether this Court has jurisdiction over this

27  case, and the appropriate standard to be applied if there is jurisdiction.  Therefore, Respondent

28  requests a stay of this case pending the issuance of the mandate in *Hayward*.

1

**ARGUMENT**

2

**I.**

3

4

5

**THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD* BECAUSE BOTH THE BALANCE OF THE INTERESTS AND CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR GRANTING A STAY.**

6

A trial court has discretion to ensure the just and efficient determination of a case by

7

staying it pending the resolution of other proceedings where a stay would be "efficient for [the

8

court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*,

9

593 F.2d 857, 863 (9th Cir. 1979). In determining whether to grant a stay, a court should

10

consider the possible damage that may result, the hardship or inequity that a party may suffer,

11

and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and

12

questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d

13

1098, 1109, 1111 (9th Cir. 2005). A court should also take into account the existence of similar

14

cases that are pending in the same district court, and the probability that more are likely to be

15

filed. *Id.* Staying cases that are on the forefront of an issue provides a necessary delay, allowing

16

for resolution of the issues and resulting in uniform treatment of like suits. *Id.*

17

As the resolution of *Hayward* could significantly impact this case and numerous similar

18

cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, the

19

Court should exercise its discretion and stay this matter pending the issuance of the mandate in

20

*Hayward.*

21

22

    **A.**    **Moving Forward with This Case Before the Finality of *Hayward* Does Not Serve the Interest of Judicial Economy.**

23

Granting a stay in this case serves the interests of judicial order and economy. On May

24

16, 2008, the Ninth Circuit granted rehearing en banc in *Hayward*. (Ex. 1.) At issue before the

25

en banc panel in *Hayward* are two threshold issues which are necessary to the resolution of this

26

case: 1) whether California has created a federally protected liberty interest in parole for life

27

inmates, and 2) if a liberty interest is created, what process is due under clearly established

28

Supreme Court authority. Resolution of these issues could establish that Petitioner does not have

Req. for Stay

*Escarcega v. Curry*
C08-01203 SI

2

1 | a federally protected liberty interest in parole, potentially allowing the Court to dismiss his

2 | claims for lack of jurisdiction without requiring briefing from the parties. Moreover, it would be

3 | wasteful to proceed in this case without the Ninth Circuit's holdings in these matters, as the

4 | parties would need to brief issues that will be decided en banc and then submit supplemental

5 | briefing to apply the law as clarified in the en banc decision. The two rounds of pleadings may

6 | unnecessarily complicate the matters raised and would impair the orderly course of justice.

7 | Waiting for the resolution of *Hayward* would thus conserve Court resources, and prevent the

8 | Court from having to revisit this matter if *Hayward* is modified or reversed.

9 |      A stay would also serve judicial order and economy by maintaining uniform treatment of

10 | like suits, as once the law is settled it can be uniformly applied. In many habeas petitions

11 | challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of

12 | the cases until the resolution of *Hayward*. *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.*

13 | *Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;

14 | *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-

15 | 17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.

16 |      Granting a stay would therefore conserve judicial resources and serve the Court's interest

17 | in orderly managing these proceedings.

18 |      **B.   A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

19 |      A stay of this case at the district level would not unfairly impose any additional or

20 | otherwise avoidable hardship on Petitioner. As discussed above, if the parties proceed in this

21 | case additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying

22 | final resolution. Also, even if this court decides this case before *Hayward*, it is likely the losing

23 | party will file an appeal, and that appeal may be delayed pending resolution of *Hayward*. (*See*

24 | Arg. I.A.)

25 | ///

26 | ///

27 | ///

28 | ///

Req. for Stay

## CONCLUSION

When the equities are balanced, the parties' interests and the interests of judicial economy support staying this case pending the final resolution of *Hayward*. Staying this case until challenges to *Hayward* are resolved and that decision becomes final promotes the orderly resolution of this matter, and will assist in maintaining uniformity of like suits pending before this Court and similar cases that will be filed in the future. Respondent therefore requests that the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

Dated: June 3, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMANDA J. MURRAY
Deputy Attorney General
Attorneys for Respondent

40260237.wpd
SF2008401169

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Escarcega v. Curry**

No.:    **C08-01203 SI**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 3, 2008**, I served the attached

### RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD*

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Raul Escarcega, C-27412**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 3, 2008**, at San Francisco, California.

|  |  |
|---|---|
| M.M. Argarin | *Al M. Argari* |
| Declarant | Signature |

20114722.wpd

# EXHIBIT 1

**FILED**

**FOR PUBLICATION**

MAY 16 2008

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONALD HAYWARD,

               Petitioner - Appellant,

   v.

JOHN MARSHALL, California Men's
Colony East,

               Respondent - Appellee.

No. 06-55392

D.C. No. CV-05-07239-GAF(CT)

ORDER

**KOZINSKI**, Chief Judge:

     Upon the vote of a majority of nonrecused active judges, it is ordered that

this case be reheard en banc pursuant to Circuit Rule 35-3. The three-judge panel

opinion shall not be cited as precedent by or to any court of the Ninth Circuit.