FILED

Raul Escarcega C-27412
P.O. Box 689 C.T.F.C. F-246
Soledad, CA. 93960-0689

JUN 16 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF CALIFORNIA SAN FRANCISCO
DIVISION

| | |
|---|---|
| RAUL ESCARCEGA | C08-01203 SI |
| Petitioner, | PETITIONER'S NOTICE OF MOTION and MOTION IN OPPOSITION TO RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN HAYWARD |
| V. | |
| BEN CURRY | |
| Respondent | |

Judge THE HONORABLE
SUSAN ILLSTON

I

Respondents have filed a STAY based on the premise that an en banc court in Hayward V. Marshall 512 F.3d 536 (9th Cir 2008) "MAY" decide wheter This court has Jurisdiction over this case.
[1] First, as an initial matter, Petitioner filed federal due process claims alleging he is being held unlawfully in violation of the United States Constitution. For This court to allow this prisoner or any other prisoner's constitutional rights to petition this court for federal writ of habeas corpus relief because of what an en ban court "MAY" do would be fundamentally unfair.
The Respondents are not themselves appealing

1

any issues in this matter. They are not appealing a grant of writ of habeas corpus to a state prisoner where he or she may be released from custody unless a stay is ordered by the court rendering the decision, the court of Appeals, or the supreme court. Nilton V. Braunskill, 481 U.S. 770 (1987).

[2] Respondents cannot demonstrate that it has a high likelihood of success in this case. The mandatory language in P.C. 3041(b) imposes an affirmative obligation to grant parole, creating a legally coinizable liberty interest in parole and a presumption that parole release will be granted if certain conditions are met. Mc Quillion V. Duncan, 306 F.3d 895, 901, 902 (9th cir. 2002), Biggs V. Terhune, 334 F.3d 910 (9th cir. 2003). The deprivation of this right is permissibly on when the Board of Prison Hearings (BPH) can provide evidence from the record supporting its decision. In Re Rosenkrantz 29 Cal. 4th 616 (2002) In light of the fact of Petitioners exemplary prison record not having any current disciplinary infractions that would indicate him currently being an unreasonable risk to public safety, the Board's decision qualify as an unreasonable application of facts, as do state courts decision upholding the Board's decisions.

[3] The state did not provide any evidence that it would be irreparably injured and cites no authority that a district court should stay proceedings in a criminal case. The Respondent, have access to the Ninth circuit court of Appeals, which has arthority to repair any harm inflicted by this court, and is specifically able to issue a stay of judgment pending appeal.

[4] The Respondents do not claim nor contend that it would be irreparably injured absent a stay.

[5] Respondents contend that a stay would serve judicial order and economy by maintaining uniform treat of like suit, (see pages of Respondant motion for a stay). Unlike a lawsuit, there is no serious risk of affecting judicial order and economy on habeas corpus. No evidence was provided to this court to support the claim of the public's or the court's interest. Respondent does not even know what question is before the Hayward en banc court.

[6] Issuance of a stay would irreparably injure Petitioner. The time already served by Petitioner is in gross excess of the established guidelines for his commitment offense. His continued incarceration is a clear violation of his due process rights. As such, any further delay simply serves to exacerbate the harm done to Petitioner by the Board's failure to abide by P.C. 3041 (b) The fact that Petitioner may be vindicated by the Court of Appeals in Hayward does not serve to mitigate the harm done by his continued incarceration.

## II Jurisdiction

See Carlin V. Wong (N.D. Cal. 2008) CS No. CV-04145-SI

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The petition may not be granted with respect to any claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the supreme court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding." 28 USC §2254(d); see Williams (Terry) v. Taylor, 529 U.S. 362, 409-13 (2000). Section 2254(d) applies to a habeas petition from a state prisoner challenging the denial of parole. See Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th cir 2006). Because there was a reasoned state-court judgment rejecting petitioner federal claims, the court looks through the later summary denials of the California state court of Appeals and of the california supreme court and analyzes whether the reasoned state judgment from Los Angeles Superior court was erroneous under the standard of § 2254(d), see Shackleford v. Hubbard, 234 F.3d 1027, 1079 n.2 (9th cir. 2000) (citing Ylst v. Nunnemaker, 501 U.S. 797, 803-04, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

A California prisoner with a sentence of a term of years to life with the possibility of parole has a protected liberty interest in release on parole and therefore, a right to due process in the parole suitability proceedings. See Nnyward, 512 F.3d at 542-47 (Governor's reversal of the board's parole grant deprived petitioner of a constitutionally protected liberty interest), Irons v. Carey, 505 F.3d 846, 850 (9th cir; 2007). Sass, 461 F.3d at 1127-29. see also Board of Pardons v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of Nebraska Penal & corr complex, 442 U.S. 1 (1979); Cal Penal Code § 3041(b).

The Ninth circuit has held that "the supreme court ha[s] clearly established that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by 'some evidence in the record,' or is otherwise arbitrary.'" Irons, 505 F.3d at 851 (quoting Superintendent v. Hill, 472 U.S. 445, 457 (1985). The 'some evidence

4

standard is minimal, and assures that 'the record is not so devoid of evidence that the findings of the... board were without support or otherwise arbitrary.'" Sass, 461 F.3d at 1129 (quoting Hill, 472 U.S. at 457). To determine whether the some evidence stand is met does not require examination of the entire record, independent assessment of the credibility of witness, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached'" by the Board. Sass, 461 F.3d at 1128 (quoting Hill, 472 U.S. at 455-56).

When assessing whether a state parole board's suitability determination was supported by "some evidence," the court frams its analysis by the statutes and regulations governing parole suitability determinations in the relevant state. Irons, 505 F.3d at 850. California law provides that prisoners serving an indeterminate life sentence, like petitioner become eligible for a parole date after serving minimum terms of confinement required by statute. See In re Dannenberg, 34 Cal. 4th 1061 (2005) See also Cal Penal Code § 3041(a) At that point, the Board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses in such that consideration of the public safety requires a more lengthy period of incarceration for the prisoner. Cal. Penal Code § 3041(b). Regulations promulgated pursuant to California Penal Code Section 3041(a) state that "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an

5

unreasonable risk of danger to society if released from prison," Cal. Code Regs. tit 15, §2402(c) The Board decides whether a Prisoner is too dangerous to be suitable for Parole by applying factors it has set forth in the California Code of Regulations. Dannenberg, supra at 1083, 1085-86.

## CONCLUSION

Respondents counsel is either trying to stall due to a heavy case load or trying to delay Justice in this matter. Petitioner should not have to languish in prison forever, for a Stay the Respondents wants in case doe's to some other cases out there in the courts this is all new and old Law dealing with Jurisdiction is clear in this court. Thus the Respondents Motion for a Stay pending outcome of Hayward's should be Denied and have the Respondents must comply with the order to show cause without delay.

6-9-08
DATE

Raul Escarcega
RAUL ESCARCEGA

6

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ 1013(A), 2015,5)

I, CLARENCE CLEVELAND, declare:
I am over 18 years of age and I NOT party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

CLARENCE CLEVELAND, CDCR #: C-33259
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: F-307
SOLEDAD, CA 93960-0689.

On 6-9-08, I served the attached:

_____

_____

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

U.S. Courthouse District
450 Golden Gate Ave.
San Francisco CA.
94102-3483

Attorney General
of the State of California
AMANDA J. MURRAY
Deputy,
455 Golden Gate Avenue
Suite, 11000
San Francisco, CA,
94102-7004

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on 6-9-08.

*Clarence Cleveland*
CLARENCE CLEVELAND
Declarant

Raul Escarcega C-27412
P.O. Box 689 C.T.F.C. F-246
Soledad CA. 93960-0689

Legal Mail

U.S Courthouse District
450 Golden Gate Ave.
San Francisco, CA. 94102-3483


