UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RAUL ESCARCEGA,

    Petitioner,

    v.

B. CURRY,

    Respondent.

No. C 08-1203 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed by a pro se state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 1984, petitioner was convicted in a Los Angeles County Superior Court of kidnapping for the purpose of committing robbery, and petitioner was sentenced to a term of seven years to life in prison, plus ten years. In 2005, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole on grounds that he "would pose an unreasonable risk of danger to society or a threat to public safety if released from prison." (Ans., Ex. 1, Part 2 at 64.) In response to

the Board's decision, petitioner sought, though was denied, relief on state collateral review. This federal habeas petition followed.

In reaching its decision, the Board considered the facts of the commitment offense. In 1983, petitioner and an accomplice kidnapped a motorist at gunpoint, drove him to another location, and robbed him before allowing the victim to drive away. (Id. at 12.) The Board found that the offense was carried out in a cold and callous manner, and that the motive for the crime — robbery — was trivial in relation to the seriousness of the offense. (Id. at 65.)

In addition to the circumstances of the commitment offense, the Board cited as factors in its decision petitioner's criminal and social history, his behavior in prison, his psychological report, and his parole plans. Petitioner has a lengthy juvenile criminal history. At age ten, petitioner started accruing arrests and convictions for glue-sniffing, running away, burglary, driving a vehicle without the owner's consent, loitering on school grounds, petty theft, being a minor in possession of alcohol, public drunkenness, violating curfew, and drinking in public. As an adult, prior to the commitment offense, petitioner was convicted of robbery and voluntary manslaughter, in which petitioner and accomplices shot and knifed a victim as part of a gang retaliation, and he pleaded guilty to attempted rape. (Id. at 19–20, 24–25.) Petitioner's social history includes membership and participation in a gang, which encouraged his commitment of some of the juvenile offenses listed above, id. at 29–30, and the use of alcohol, PCP, and marijuana, id. at 45.

The Board considered petitioner's behavior in prison. Of late, petitioner has had a favorable prison disciplinary record. Petitioner has not received any serious rules violation reports since 1991, and only one recent minor violation report, that one in 2002. (Id. at 68.) Petitioner has participated in AA "with regularity since [his] last [parole] hearing." (Id. at 45.) The record also reflects that petitioner has acquired work skills, including appliance and engine repair. (Id. at 41–42.) The Board, however, was troubled by petitioner's (admitted) membership in a prison gang, and his failure to adequately distance himself from that association. Petitioner claims that his gang no longer exists, though the Board pointed out that many gangs are absorbed

by others. (Id. at 50–53.)

Petitioner's latest psychological report was favorable. Assessed as presenting a low risk of future violence, his psychological report stated that petitioner had matured over the years, no longer holds anti-social values, and is striving to upgrade his skills, knowledge, and abilities. (Id. at 49–50.)

The Board approved of petitioner's parole plans, which include a job offer to work in a hardware store, and his plan to start a business as an automechanic. The Board also noted that petitioner's family offered him a place to live, and transportation to and from work. (Id. at 36.)

However, in light of all these factors before it, the Board concluded that petitioner posed an unreasonable threat to public safety and denied him parole. (Id. at 32.) As grounds for federal habeas relief, petitioner alleges that the Board's decision violated his right to due process because it was not supported by some reliable evidence.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412–13 (2000). "Under the

3

1 'unreasonable application' clause, a federal habeas court may grant the writ if the state court
2 identifies the correct governing legal principle from [the] Court's decision but unreasonably
3 applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court
4 may not issue the writ simply because that court concludes in its independent judgment that the
5 relevant state-court decision applied clearly established federal law erroneously or incorrectly.
6 Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making
7 the "unreasonable application" inquiry should ask whether the state court's application of clearly
8 established federal law was "objectively unreasonable." Id. at 409.

## DISCUSSION

Petitioner claims that the Board's decision violated his right to due process because it was not based on "some evidence" that he currently poses an unreasonable risk to public safety. Due process requires that the Board's decision to deny a California prisoner parole be supported by "some evidence" of current dangerousness. Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010); see also Pearson v. Muntz, No. 08-55728, 2010 WL -- (9th Cir. May 24, 2010) (per curium). Accordingly, in reviewing federal habeas claims that a California prisoner was denied parole in violation of due process, courts must "decide whether the California judicial decision approving the governor's [or the parole board's] decision rejecting parole was an "unreasonable application" of the California "some evidence" requirement, or was "based on an unreasonable determination of the facts in light of the evidence." Hayward, 604 F.3d at 562–63.

The commitment offense alone does not always provide evidence that a petitioner poses a current threat to public safety. Id. at 562. The offense does not establish current dangerousness "unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state" supports an inference of dangerousness. Id., citing In re Lawrence, 44 Cal. 4th 1181, 1214 (Cal. 2008).

Here, the record shows that there was "some evidence" to support the state court's approval of the Board's parole denial. First, there is some evidence to support the Board's

4

determination that the offense was committed in an especially cold and callous manner and that the motive for the crime was trivial. Indeed, the circumstances surrounding the commitment offense show that petitioner committed the crimes with assurance and speed, and worked skillfully with a fellow accomplice to achieve his ends. Second, the record establishes that petitioner's pre- and post-conviction history support an inference of current dangerousness — his extensive, and highly violent, criminal history, which in addition to the commitment offense, includes attempted rape, robbery, and assault. Petitioner's social history of gang affiliation also supports the Board's decision, especially when considered with his continued involvement in gangs while he was a prison, an association, in the Board's opinion, that has been only imperfectly severed. Taking the entire record into account, despite petitioner's obvious gains in emotional and psychological maturity, and his acquiring of job skills and offers, the Court cannot say that it was unreasonable for the Board to infer from petitioner's record of violence and misbehavior, which includes prison gang participation and a then-recent disciplinary report, that if released, petitioner currently poses an unreasonable risk of danger to society, or a threat to public safety. In sum, the state court's approval of the Board's decision, therefore, was not an "unreasonable application" of the California "some evidence" requirement, nor was it "based on an unreasonable determination of the facts in light of the evidence." Accordingly, petitioner's claim that the Board's decision, made in 2005, was not supported by some evidence is DENIED.

## CONCLUSION

The state court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of

1  Appeals.

2       The Clerk shall enter judgment in favor of respondent, and close the file.

3       **IT IS SO ORDERED**.

5  DATED:  August 30, 2010

                                              SUSAN ILLSTON
                                       United States District Judge

**United States District Court**
For the Northern District of California